Equashield Med., Ltd. v. Kadakia

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand twenty-three.

PRESENT:
> **BARRINGTON D. PARKER,**
> **MICHAEL H. PARK,**
> **ALISON J. NATHAN,**
> *Circuit Judges.*

---

**Equashield Medical, Ltd., Marino Kriheli,**

> *Petitioners-Appellees*,

> v.                                                            22-1631

**Ronak Kadakia,**
> *Respondent-Appellant.*

---

| | |
|---|---|
| **FOR PETITIONERS-APPELLEES:** | DANIEL S. GOLDSTEIN (Alexander Bau, *on the brief*), Smith, Gambrell & Russell, LLP, New York, N.Y. |
| **FOR RESPONDENT-APPELLANT:** | ROBERT B. WEINTRAUB, Robert B. Weintraub P.C., New York, N.Y. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Ronak Kadakia worked as the director of marketing and business development at Equashield LLC ("LLC"), the American subsidiary of Equashield Medical Ltd. ("Ltd."), an Israeli medical-device company. LLC terminated Kadakia in 2021. LLC's employment contract with Kadakia included an arbitration clause requiring Kadakia to arbitrate "any disputes, claims, complaints or controversies . . . which may arise between Employee and Employer and/or any of its subsidiaries, affiliates, agents, officers, directors, [or] employees . . . which are directly or indirectly related to Employee's employment or the termination thereof." App'x at A-137. The contract defined "Employer" as "Equashield, LLC." *Id.* at A-133. Following her termination, Kadakia initiated an arbitration against, among others, Ltd. and one of its Israeli co-founders, Marino Kriheli. Ltd. and Kriheli petitioned the district court (Preska, *J.*) for an injunction against the arbitration, arguing that neither were parties to the employment agreement who consented to arbitration. The district court granted a permanent injunction, finding that "there is no evidence that" Ltd. or Kriheli "agreed to arbitrate disputes with Respondent." Special App'x at SPA-7. Kadakia appealed.

"[B]efore an agreement to arbitrate can be enforced, the district court must first determine whether such agreement exists between the parties." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 73 (2d Cir. 2017). "This question is determined by state contract law," *id.* at 73-74, here, Delaware

2

law. The parties agree that "the summary judgment standard is appropriate in cases where the District Court is required to determine arbitrability, regardless of whether the relief sought is an order to compel arbitration or to prevent arbitration." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003).

We find no error in the district court's rulings. First, "Ltd. is a non-signatory to the Employment Agreement," and Kadakia failed to prove any theory under which "a non-signatory can be bound to an arbitration agreement under common law principles of contract and agency law." Special App'x at SPA-7 to -8; *cf. Thomson-CSF, S.A. v. Am. Arb. Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995) (describing these theories). Kadakia did not even "allege the factors required to pierce the corporate veil" before the district court. Special App'x at SPA-9; *cf. NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 176-78 (2d Cir. 2008) (discussing the showing required to pierce the veil of an LLC under Delaware law).[1]

Second, "Kriheli was not an employee, officer, or director of LLC and did not agree to arbitrate disputes with Kadakia." Special App'x at SPA-12. The district court did not err in holding that a reasonable jury would not find otherwise based on Kadakia's conclusory or speculative evidence. LLC submitted affidavits and records demonstrated Kriheli's lack of a role in the subsidiary. Kadakia's testimony to the contrary was conclusory, and Kriheli's communications with regulators were consistent with his affiliation with only Ltd., not LLC. The district court also did not abuse its discretion in excluding Kadakia's proffered Dun & Bradstreet

[1] The district also held that Ltd. was not an "affiliate" of LLC for purposes of the arbitration clause because the employment contract distinguished between affiliate relationships and the parent-subsidiary relationship. Kadakia does not contest this holding on appeal.

3

publication after finding that it lacked foundation and was speculative and unreliable. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury."); *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) ("[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment.").

We have considered all of Kadakia's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4